UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. __5:22-cv-24-BJB__

MARQUETTE TRANSPORTATION COMPANY, LLC          PLAINTIFF

V.

EMERALD INTERNATIONAL CORPORATION              DEFENDANT

    SERVE:    Jack Wells, Registered Agent
                    6895 Burlington Pike
                    Florence, KY 41042

VERIFIED COMPLAINT
(Electronically Filed)

NOW COMES plaintiff, Marquette Transportation Company, LLC, and for its Verified Complaint against defendant, Emerald International Corporation, by counsel, states as follows:

PARTIES

1. Plaintiff Marquette is a Delaware limited liability company with its principal place of business in Paducah, Kentucky. Marquette's principal place of business is located at 150 Ballard Circle, Paducah, KY 42001.

2. Upon information and belief, defendant Emerald is an Ohio corporation with its principal place of business in Florence, Kentucky. Emerald can be served through its Registered Agent, Jack Wells. According to the records of the Kentucky Secretary of State, Emerald's principal place of business is located at 6895 Burlington Pike, Florence, KY 41042.

## JUSRISDICTION AND VENUE

3. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Supplemental Rules for Admiralty and Maritime Claims.

4. The Court has admiralty subject-matter jurisdiction according to 28 U.S.C. § 1333(1) because this action involves defendant's breach of a contract of affreightment to transport coal over navigable waterways of the United States using towboats and barges.

5. Venue is proper in this Court according to the forum-selection clause in the contract of affreightment at issue in this action, which provides in relevant part that "the United States District Court for the Western District of Kentucky will be the exclusive venue to file any litigation concerning this agreement or any transportation performed pursuant to this agreement." *See* Barge Transportation Agreement, Part II, Section 16, attached and incorporated by reference as Exhibit MTC-1 (the "Contract").

6. Venue is also appropriate in this Court as the transactions, including the Contract, were entered into in this judicial district.

## GENERAL ALLEGATIONS

7. Marquette's business includes the transportation of cargo on the inland waterways of the United States.

8. Marquette owns and operates towboats and barges for the purpose of operating in interstate commerce on the navigable waterways of the United States of America.

9. Upon information and belief, Emerald's business includes brokering coal to its own customers for export. Emerald hires companies like Marquette to transport coal by barge to ports along the Gulf of Mexico.

10. In August 2021, Marquette and Emerald entered into the Contract, according to which Marquette would transport 100,000 short tons of coal for Emerald from origins in Mt. Vernon, Indiana, or Uniontown, Kentucky. Ex. MTC-1, Part I at 1.

11. The Contract provides that Emerald will pay Marquette, within 30 days, $13.10 per net ton plus applicable fuel surcharges to transport Emerald's cargo. *Id*. Marquette's charge for transporting Emerald's cargo is also known as "freight."

12. The Contract also provides that Emerald is allowed specified amounts of "free time," at both the loading and discharge ports, within which Emerald must load or discharge each barge supplied by Marquette. Emerald agreed that if it did not load or discharge each barge within the allowed "free time," it would pay Marquette (also within 30 days) additional charges (also known as "demurrage") to compensate Marquette for the delay. The amount of allowed free time and the applicable demurrage rates, at both the load and discharge ports, are also specified in the Contract. Ex. MTC-1, Part I at 1-2.

13. In the fall of 2021, according to the Contract, Marquette provided towboats and barges to transport Emerald's coal from Mt. Vernon, Indiana, to Convent, Louisiana.

14. Marquette fully performed its obligations under the Contract.

15. Marquette duly invoiced Emerald for the freight and demurrage charges, all in compliance with the Contract. True copies of Marquette's invoices are attached and incorporated by reference as Exhibits MTC-2 through MTC-6 (collectively the "invoices").

16. Emerald did not timely pay Marquette's invoices within 30 days as required by the Contract. *See* Ex. MTC-1, Part I at 2 (payment terms are "net 30 days from invoice date); Part II, Section 6 (30-day payment terms). Emerald has not paid these invoices in a timely fashion.

17. Despite amicable demand, the principal amount of $381,896.32 remain outstanding and overdue, summarized as follows:

```
1226              Emerald International Corp        (000) 000-0000  Ext.
Net 30 Days                                         Fax (000) 000-0000

Type Document Number    Date        Due Date     Original Amount    Applied Amount    Amount Remaining    Days Old
SLS  DD21-213777       10/20/2021  11/19/2021      $68,400.00          $0.00            $68,400.00          98
SLS  DD21-215395       11/5/2021   12/5/2021         $600.00           $0.00               $600.00          82
SLS  DD21-216039       11/6/2021   12/6/2021       $1,200.00           $0.00             $1,200.00          81
SLS  DD21-216932       11/10/2021  12/10/2021        $600.00           $0.00               $600.00          77
SLS  FR21-215240       10/29/2021  11/28/2021     $311,096.32          $0.00           $311,096.32          89

                                                                                        $381,896.32

                                                         Amount Remaining:              $381,896.32
                                                         Total Net Amount Due:          $381,896.32
                                                                                        ===================
```

18. By failing to pay Marquette's invoices, Emerald breached the Contract.

19. The Contract also provides that "Shipper [Emerald] will pay Carrier's [Marquette's] costs including attorney's fees incurred in seeking collection of any unpaid freight, demurrage, and/or related charges." Ex. MTC-1, Part II, Section 6 (Payment Terms). This is an action to collect such unpaid freight, demurrage, and related costs.

20. As remedies for Emerald's breach of the Contract, Marquette is entitled to payment in full of the principal amount of the unpaid and outstanding invoices ($381,896.32); pre-judgement interest; court costs; and reasonable attorney's fees.

21. Mr. Jack Wells, who is upon information and belief, admitted to owing the amount claimed by Marquette, by an email dated December 21. Ex MTC-7.

WHEREFORE, Marquette prays for judgment in its favor, and against Emerald, for the full, principal amount of Marquette's unpaid and outstanding invoices ($381,896.32); plus pre-judgement interest; court costs; reasonable attorney's fees; and any other relief to which Marquette may be entitled based upon the proof.

## VERIFICATION

I, Darin Adrian, state and declare as follows:

1. That I am the authorized representative for Marquette Transportation Company, LLC in the above captioned suit.

2. That I have read the above and foregoing Complaint, and all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief;

3. That I am authorized by Marquette Transportation Company, LLC, to make this Verification on its behalf; and

4. That I make this Verification as my free act and deed and as the free act and deed of Marquette Transportation Company, LLC.

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 18th day of February, 2022, in the City of Paducah, McCracken County, Kentucky.

*[Signature]*

Name: Darin Adrian

Title: Executive Vice President

RESPECTFULLY SUBMITTED, this the 18th day of February, 2022.

>MILLER HAHN, PLLC
>
>By: /s/Bobby R. Miller, Jr._____
>    Bobby R. Miller, Jr., Esq.
>    2660 West Park Drive, Suite 2
>    Paducah, KY 42001
>    Telephone: (270) 554-0051
>    Facsimile: (866) 578-2230
>    Email: bmiller@millerlaw-firm.com
>
>Attorney for Plaintiff, Marquette Transportation Company, LLC