UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:22-CV-24-BJB

MARQUETTE TRANSPORTATION COMPANY,					PLAINTIFF

V.

EMERALD INTERNATIONAL CORPORATION					DEFENDANT

## EMERALD INTERNATIONAL CORPORATION'S
## TRIAL BRIEF

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Emerald International Corporation ("Emerald"), which submits the following trial brief in advance of the bench trial set for February 24, 2025.

## FACTUAL BACKGROUND

Emerald's core business is the international trade of coal products. As part of its business, Emerald obtains supplies from various producers and transports the coal through the lower Mississippi River to the Gulf of Mexico via barges. In September and October 2021, Emerald intended to load coal onto barges at the Alliance Resource Partners, LP ("Alliance") facility in Mount Vernon, Indiana, and then have that coal transported along the inland waterways to the Associated Terminals facility in Convent, Louisiana. Emerald would then arrange for the coal to be loaded onto the M/V SHAO SHAN 5 at the Associated Terminals facility, on behalf of Emerald's customer, to ultimately be shipped overseas.

To accomplish this, in or around August 2021, Emerald entered into a Barge Transportation Agreement with Marquette (the "Barge Transportation Agreement"). (According to Marquette's communications to Emerald, the Barge Transportation Agreement is effective as of September 7, 2021, although it was signed by the parties by August 20, 2021.) As stated in the

1

contract, the term for the Barge Transportation Agreement was "September–October 2021." The agreement contemplated two barge shipments—one during September 2021 and one during October 2021. As per the contract, both the September 2021 and October 2021 shipments were to be provided by Marquette using "Open Hopper Barges – 15 barge unit tows."

In the contract, the parties agreed that the contract term was "September–October, 2021," meaning delivery of the barges was required by the end of October 2021. Additionally, after executing the Barge Transportation Agreement, both Emerald and Marquette agreed that the second shipment would need to be fully loaded during the week of October 11, 2021. (This understanding was echoed by Rick Martin—Marquette's Vice President – Open Hopper Barge Freight—via email on September 21, 2021, wherein he stated: "I also wanted to check in to see if you have tentative loading dates for the 50k tons in October at this time? I believe we were shooting for late in the week of 10/11 a few weeks ago and wanted to see if that was holding.")

In line with that understanding regarding the second shipment, on September 29, 2021, Marquette reached out to Emerald to confirm if Emerald had "received possible loading dates from Alliance at this time for October." Emerald responded that its "laycan for this vessel is October 25-Nov 5 so we would need the barges at the terminal around October 23/24 so they can be sampled (assuming vessel arrives on the 25th)." Mr. Rick Martin responded, thanking Jack Wells (Emerald) and asking him to "confirm with Alliance what dates will work for them to load on the week of 10/10."

On October 11, 2021, Rick Martin notified Emerald that it had **designated the 15 barges for "loading at Mt. Vernon this week for our October contract."** Among those 15 barges were the following: **[1] AGS-776, [2] AGS-785, [3] MTC-0182, [4] MTC-238B, [5] MTC-248B, and [6] MTC-250B** (collectively, these barges shall be referred to as the "Withdrawn Barges"). That

same day, Marquette notified Emerald that it "got approval to load barges to 11'6" and provided another list of the barges designated to perform under the contract, **which included the Withdrawn Barges**. Yet, on the very next day, October 12, 2021, Rick Martin notified Emerald that the Withdrawn Barges, previously designated for Emerald's job, had been pulled, because these barges were "being used for another customer as it sounds like Alliance is awaiting partial payment for the material that is scheduled for this load." Marquette was neither a party nor a third-party beneficiary to the unrelated contract between Emerald and Alliance. Moreover, that agreement was confidential between Emerald and Alliance, and thus, Marquette would not/should not have known what the payment terms were, and whether or not Emerald had paid pursuant thereto. And, because Marquette was not a party to that contract, any purported lack of payment by Emerald to Alliance had no bearing on Marquette's performance of the unrelated Barge Transportation Agreement. Regardless, no such payment issue existed—and Emerald informed Marquette of this fact—as the requisite payment to Alliance had been made on October 8, 2021.

One week later, on October 19, 2021, Marquette sent a *force majeure* letter to Emerald, claiming ongoing performance issues due to Hurricane Ida. However, two basic facts reveal that this *force majeure* letters is groundless insofar as it concerns Emerald: (1) the letter was dated almost a month and a half after Hurricane Ida made landfall on August 29, 2021, and (2) by Marquette's own admission, the Barge Transportation Agreement became effective **after** Hurricane Ida made landfall, and thus, Marquette should have been aware of these issues before the agreement went into effect. By its very nature, a *force majeure* event must be unforeseeable, which Hurricane Ida certainly was not as of the effective of the Barge Transportation Agreement:

> A force majeure excusing event, by its very nature, must be unforeseeable to some extent at the time of contracting. Black's Law Dictionary defines a force majeure clause as "[a] contractual provision allocating the risk if performance becomes impossible or impracticable, esp. as a result of an event or effect that the parties

could not have anticipated or controlled." Black's Law Dictionary 673-74 (8th ed. 2004). Even where, as here, a contract's force majeure clause does not expressly use the word "foreseeability," courts consider foreseeability when determining whether the event qualifies as force majeure.

Accordingly, because Hurricane Ida had made landfall on the effective date of the contract—September 7, 2021—it should not be considered a *force majeure* event insofar as the Barge Transportation Agreement is concerned, as it was not unforeseeable. Moreover, the facts are that Marquette knew that the timely supply of 15 barges was necessary to fully perform under the parties' contract; yet, Marquette refused to timely perform. Instead, it took the barges designated for Emerald and provided them to another client of Marquette, and then subsequently attempted to declare *force majeure* to excuse its performance failure.

Ultimately, Marquette failed to replace the Withdrawn Barges until over two weeks later, thereby causing five of the barges not to be loaded until October 29, 2021. (**Those five barges did not arrive in Convent, Louisiana until November 7, 2021, which is after the term for ultimate performance agreed to by Marquette in the Barge Transportation Agreement**.) This caused a nine-day delay in the M/V SHAO SHAN 5 being able to begin loading. This delay resulted in Emerald incurring $324,000 in demurrage on behalf of its customer. Had the Withdrawn Barges been timely provided and loaded with the other, timely barges, no demurrage would have been incurred.

Additionally, Emerald incorporates, as if stated herein, its prior briefing and arguments in its "Memorandum in Opposition to Marquette's Motion for Summary Judgment" (R. Doc. 32), including the arguments regarding (1) why Emerald is entitled to setoff, (2) why the waiver of consequential damages provision in the Barge Transportation does not apply, and (3) why Marquette's relevant declaration of *force majeure* is improper.

## STIPULATIONS OF FACT

Emerald and Marquette are working on language for stipulations of fact for submission to the Court in advance of trial. The parties will submit any that can be agreed upon to the Court in advance of trial.

## STIPULATIONS OF LAW

Emerald and Marquette are working on language for stipulations of law for submission to the Court in advance of trial. The parties will submit any that can be agreed upon to the Court in advance of trial.

## ISSUES OF FACT

- Whether Marquette initially breached the terms of the Barge Transportation Agreement by failing to timely deliver the barges to Associated Terminals in Convent Louisiana.

- Whether the Barge Transportation Agreement required the delivery of all barges to Associated Terminals in Convent Louisiana by October 31, 2021.

- Whether Emerald is liable for breaching the Barge Transportation Agreement.

- Whether Emerald is entitled to setoff for any damages owed to Marquette, if any, by the amount of demurrage it had to pay to its customer due to the delayed barges from Marquette.

- Whether the prohibition on consequential damages in the Barge Transportation Agreement applies to Emerald's claim for setoff.

- Whether Marquette's declaration of force majeure was proper under the terms of the contract.

- Whether Marquette's action of pulling six barges for use by another customer in October 2021 was proper, whereby the delivery of those six barges did not occur until November 2021.

- Whether Marquette seeks payment for invoices for demurrage that only arose due to Marquette's own breach of contract.

## ISSUE OF LAW

The contested issues of law are all of those that are implicit in the foregoing issues of fact

and as stated in the "Factual Background." Other contested issues of law are as follows:

- Nature, extent, and cause of any injuries to Emerald.
- Nature, extent, and cause of any injuries to Marquette.
- The extent, if any, to which Emerald is legally entitled to damages.
- Whether Emerald is entitled to setoff.
- The extent, if any, to which Marquette is legally entitled to damages.
- Any issue of law inherent to the facts presented herein.
- All other issues of law raised or implicit in the contested issues of fact.

[*Signatures on following page.*]

Respectfully submitted,

/s/ Justin J. Marocco
Victor A. Walton, Jr. (KBA No. 90803)
J. B. Lind (KBA No. 92594)
Vorys Sater Seymour and Pease LLC
301 East 4th Street, suite 3500
Cincinnati, OH 45202
Telephone:  (513) 7234-4027
Fax:  (513) 852-8447
Email: vanwalton@vorys.com
   jblind@vorys.com

JEFFERSON R. TILLERY (*pro hac vice*)
Jones Walker LLP
201 St. Charles Avenue, Suite 4800
New Orleans, LA 70170
Telephone:  (504) 582-8000
Fax:  (504) 582-8164
Email: jtillery@joneswalker.com

JUSTIN J. MAROCCO (*pro hac vice*)
Jones Walker LLP
445 North Blvd., Suite 800
Baton Rouge, LA 70802
Telephone:  (225) 248-2415
Fax:  (225) 248-3115
Email: jmarocco@joneswalker.com

***Attorneys for Defendant, Emerald International Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 20th day of December 2024.

/s/ Justin J. Marocco