**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**MARQUETTE TRANSPORTATION CO., LLC** **PLAINTIFF**

**v.** **No. 5:22-cv-24-BJB-LLK**

**EMERALD INTERNATIONAL CORP.** **DEFENDANT**

* * * * *

**OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION**

As previously described in this Court's post-trial opinion, Emerald International Corporation contracted with Marquette Transportation Company to ship a customer's coal along the waterways of Kentucky and Indiana to Louisiana. Findings of Fact & Conclusions of Law (DN 77) at 1. After Emerald refused to pay the balance of five shipping invoices based on a purported breach, Marquette sued Emerald for payment of the invoices, prejudgment interest, and litigation expenses.

The Court held, after a two-day bench trial, that Emerald breached and owed Marquette $381,896.32 in damages, plus prejudgment interest, attorneys' fees, and court costs. *Id.* at 13–14.

Marquette moved for attorneys' fees, taxable costs, and interest in a motion referred to Magistrate Judge King. It requested $166,726.50 in attorneys' fees, $261,510.90 in prejudgment interest, and $3,056.59 in taxable costs. Fees Motion (DN 79) at 1. Over Emerald's opposition, Magistrate Judge King recommended that Marquette receive its requested prejudgment interest award, but that its requested attorney fee and taxable cost award be reduced by $9,793.84 (specifically, reduction of the fee award by $9,148 and reduction of taxable costs by an agreed $645.84). Report & Recommendation (DN 100) at 1–2.

Now, Emerald has objected, *see* 28 U.S.C. § 636(b), to practically all of the Magistrate Judge's recommendations, raising largely the same arguments it did in its response to Marquette's motion. *See generally* Objections & Objections Memo (DN 101). After reviewing the recommendations and Emerald's objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3), the Court agrees with Judge King and awards Marquette $157,578.50 in attorneys' fees, $2,410.75 in taxable costs, and $261,510.90 in prejudgment interest, for a total award of $421,500.15.

Emerald makes nine objections. All fail.

*First*, Emerald objects to the calculation of prejudgment interest at a rate of 1.5% per month, rather than 1.5% per year. *See* Objections at 1; Objections Memo at 6–7. The Court already resolved this issue, clarifying that it "awarded Marquette prejudgment interest on its past due invoices at the rate those invoices supply …. That meant the rate stated in bold and italics on each of those invoices: ***1 1/2% per month***." Clarification Memo (DN 90) at 2 (citation omitted). Emerald's objection asks this Court to revisit arguments and issues already addressed in this Court's prior opinion, as Judge King recognized. R&R at 2.

*Second*, Emerald argues that "prejudgment interest should not run from October 7, 2024 through February 24, 2025" because "Marquette's own motion" for a trial continuance caused this four-month delay. Objections Memo at 7; *see also* Objections at 1. In his recommendation, Judge King dismissed this argument as underdeveloped and unsupported. R&R at 5 n.1. Emerald's objection does little to flesh it out. This was ordinary litigation with ordinary motions practice, negotiations, and delays. Marquette's motion to continue trial—which Emerald agreed to—was just another run-of-the-mill delay in the course of litigation, requested to accommodate a witness's pre-planned family vacation and the Kentucky public schools' fall break. Unopposed Motion to Continue Trial Date (DN 46) at 1. Emerald's argument that this is the kind of "unusual circumstanc[e]" that "make[s] an award inequitable" simply does not ring true. Objections Memo at 8 (quoting *Ryan Walsh Stevedoring Co. v. James Marine Servs.*, 792 F.2d 489, 492 (5th Cir. 1986)). Emerald and Marquette bargained that interest would accrue when one hadn't paid for whatever reason, including during the course of litigation. Normal litigation takes time and inevitably involves delays. *See Knight v. Tape, Inc.*, 935 F.2d 617, 628 (3d Cir. 1991) ("[S]ome delay is inherent in the adjudication of disputes."). Emerald admits that courts have discretion in awarding prejudgment interest. Objections Memo at 7. It was well within Judge King's discretion to include the four months between the original trial date and the new one in the prejudgment interest calculation.

*Third*, Emerald objects to the award of attorneys' fees for 57 hours spent on Marquette's unsuccessful summary-judgment motion. *See* Objections at 1; Objections Memo at 10–12. Judge King rightly noted that "[c]ourts have awarded fees for time spent on unsuccessful motions, including summary judgment motions" (quoting *Clark v. Shop24 Global LLC,* 2016 WL 3639893, at *10 (S.D. Ohio July 8, 2016) and citing *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)). Here, even though Marquette's motion for summary judgment was not immediately successful, as Judge King pointed out, *see* R&R at 6, it was also not frivolous. To the contrary, it ultimately contributed to Marquette's success by narrowing the question for trial to one on which Marquette prevailed. *See* R&R at 6–7 ("The primary dispute in this case revolved around the interpretation of a contract, and the parties mostly agreed on the facts.").

"Where the gravamen of a dispute is a matter of law," Judge King's report persuasively noted, "a summary judgment motion is a reasonable mechanism of efficiently resolving the case short of going to trial," and "[f]ees shouldn't be reduced merely because a particular, reasonable litigation strategy was unsuccessful." *Id.* at 7. *See also Coulter*, 805 F.2d at 151 ("On summary judgment motions and other similar motions that go to a particular issue in a case, the question should be whether the person seeking compensation prevailed on the motion or in the end prevailed on the issue raised in the motion in part as a result of the motion."). Therefore, a fee award for time spent on the motion is appropriate.

*Fourth*, Emerald objects to Judge King's "limited" recommendation of a $248 fee reduction for "duplicative billing." Objections at 2; *see also* Objections Memo at 12–13. But Judge King rightly found that much of what Emerald called duplicative was actually additive. R&R at 8–10. For example, both partners on Marquette's case took time to review the answer to the complaint. This is not "duplicative"—an answer is "a document which reasonably requires both involved attorneys' personal attention." *Id.* at 8. Emerald's objections boil down to a disagreement with the Magistrate Judge about whether both attorneys actually needed to work on various tasks. Judge King's assessment of duplicative billing was reasonable, even if Emerald sees this as just a one-lawyer case.

*Fifth*, Emerald objects to the award of attorneys' fees for "vague, block-billed time entries." Objections at 2; *see also* Objections Memo at 13–14. But as Judge King pointed out, we consider billing entries in context, not in isolation. R&R at 12; *see Imwalle v. Reliance Medical Products*, 515 F.3d 531, 551 (6th Cir. 2008) ("Counsel's billing entries, when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation, support the district court's determination that the hours charged were actually and reasonably expended in the prosecution of the litigation."). Judge King found, *see* R&R at 11–13, that Marquette's attorneys' entries were "sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Imwalle*, 515 F.3d at 551–52 (quoting *Wooldridge v. Marlene Industries,* 898 F.2d 1169, 1177 (6th Cir. 1990)). Because Emerald hasn't pointed to any constraint on or error in this determination, the fees awarded for that time should not be excluded from the award.

*Sixth*, Emerald objects to the award of attorneys' fees for some tasks completed by paralegals—tasks that Emerald claims were purely clerical. *See* Objections at 2; Objections Memo at 14–16. For example, Emerald disputed time billed for "calendaring deadlines," "reviewing emails and saving the same to case file," and providing assistance "as needed regarding deposition." R&R at 14; *see* Objections Memo at 14–16. But these and the other cited tasks completed by the paralegals were not purely clerical, but instead "requir[ed] legal acumen." R&R at 15. And they

were not billed at a full attorney rate, but at a reduced, paralegal rate. *See id.* at 13. Therefore, this objection also fails.

*Seventh*, Emerald objects to the award of attorneys' fees for travel time to and from trial and depositions. *See* Objections at 2; Objections Memo at 16. Fee awards for travel time "are within the discretion of the district court, which has greater familiarity with local practice." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Here, "it is consistent with local practice for attorneys to bill for travel time." R&R at 16. While Emerald takes issue with one of Marquette's lawyers traveling to Louisville from New Orleans, calling Marquette's choice to bring in a lawyer from New Orleans a "burden," *see* Objections Memo at 16, not one but two of Emerald's lawyers apparently made the same trip for trial—though what if anything they billed is unclear. *See* Fees Reply (DN 86) at 16. Emerald offers no response to this point in its brief. Objections Memo at 16; R&R at 16. "Given the hours spent and local custom," no fee reduction is warranted. R&R at 16.

*Eighth*, Emerald objects to the Magistrate Judge's order that the parties "submit a joint status report addressing post-judgment interest (if any), the appropriate amount of prejudgment interest accounting for the reduced award, and any relevant fees [Marquette] incurred following submission of the [attorneys' fees] briefing." R&R at 1; *see* Objections at 2.[*] Emerald insists "[s]upplemental fees, if any, must be sought by motion under Rule 54(d)(2), supported by itemized records, and subject to full briefing." Objections Memo at 18. This objection to a purely procedural litigation-management order is meritless. If Emerald contends that a motion is required, it may make that argument in the joint status report. Or perhaps Marquette will agree. Regardless, no basis exists to reject Judge King's report on this limited basis.

*Ninth*, and finally, Emerald generally "objects to any award of attorneys' fees, costs, or interest in order to preserve its position that the Court's underlying liability determination on Marquette's breach-of-contract claim … is erroneous." Objections at 2; *see also* Objections Memo at 19. The Court acknowledges that Emerald preserves its arguments for appeal and declines to revisit its prior findings and rulings that Emerald breached and owes damages, interest, fees, and costs to Marquette.

## ORDER

The Court adopts the Magistrate Judge's Report and Recommendation (DN 100), granting in part and denying in part Marquette's motion for attorneys' fees,

[*] The parties needn't report on the appropriate amount of prejudgment interest, which the fee reduction does not alter.

taxable costs, and prejudgment interest (DN 79). The Court awards Marquette $157,578.50 in attorneys' fees, $2,410.75 in taxable costs, and $261,510.90 in prejudgment interest, for a total award of $421,500.15. The Court also orders the parties to submit a joint status report by October 28, 2026, in accordance with Judge King's recommendation. R&R at 1.

Benjamin Beaton, District Judge
United States District Court

September 28, 2026